# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| ROHOLT VISION INSTITUTE, INC. | ) | CASE NO. 5:09-CV-02431 |
| 401(K) PROFIT SHARING PLAN, et al. | ) | |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| PRINCIPAL LIFE INSURANCE | ) | **MEMORANDUM OPINION** |
| COMPANY, et al. | ) | **AND ORDER** |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

Before the Court is a motion by the defendants to dismiss the plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 12.) The plaintiffs have filed a memorandum in opposition (Doc. No. 13) and the defendants filed a reply (Doc. No. 14). The matter is ripe for determination. For the reasons set forth below, the defendants' motion to dismiss is **DENIED**.

## I. BACKGROUND

On October 19, 2009, the plaintiffs filed the original complaint in this matter. Plaintiff Roholt Vision Institute, Inc. 401(K) Profit Sharing Plan ("the Plan") is organized as a retirement plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), and is a legal entity pursuant to 29 U.S.C. § 1132(d). Plaintiff Phillip C. Roholt ("Roholt") is a trustee, fiduciary, participant and beneficiary of the Plan and Plaintiff Brian E. Mathie ("Mathie") is a participant and beneficiary of the Plan. Defendants Principal Life Insurance Company ("Principal") and Principal Financial Group, Inc. ("Principal Group") are corporations organized and existing pursuant to the laws of the state of Iowa, with principal offices located in

Des Moines, Iowa. Defendant Principal Real Estate Investors, LLC ("Principal LLC") is a limited liability company organized and existing pursuant to the laws of the state of Delaware, with its principal office located in Des Moines, Iowa.

The plaintiffs allege that on or about August 1, 2001, the Plan was established, and that on or about April 1, 2004, the Plan was restated pursuant to a document provided by Principal. (Doc. No. 1 at ¶ 9.) The plaintiffs further contend that on or about April 1, 2004, the Plan entered into a group annuity contract with Principal. (*Id.* at ¶¶ 9-10.) Pursuant to this group annuity contract, Principal accepted an appointment as investment manager of the assets for the Plan ("the Plan Assets"), which were to be held in separate accounts as required by the group annuity contract. (*Id.* at ¶ 12.) As investment manager of the Plan Assets, Principal became a fiduciary of the Plan. (*Id.*) The plaintiffs allege that by exercising control over the Plan Assets, Principal Group and Principal LLC also functioned as fiduciaries of the Plan. (*Id.* at ¶ 13.)

On the evening of September 25, 2008, the plaintiffs claim that, without any advance notice, the defendants Principal and Principal Group announced a blackout period—for the separate account containing the Plan Assets—commencing at 12:01 a.m. September 26, 2008, and ending no later than September 26, 2011. (*Id.* at ¶¶ 18-19.) This blackout period would restrict the ability of participants and beneficiaries of the Plan to direct investments or request loans or distributions under the Plan for the duration of the blackout period. (*Id.* at ¶ 17.)

On September 26, 2008, at 12:01 a.m. the blackout period was commenced. (*Id.* at ¶ 19.) The plaintiffs allege that subsequent to the commencement of the blackout period, the defendants have failed to honor requests for the transfer of the Plan Assets out of the separate account managed and controlled by the defendants, including a request by plaintiff Mathie on October 22, 2008, of assets then valued at $51,256.86, and a request by plaintiff Roholt on

2

December 29, 2008, of assets then valued at $112,103.57. (*Id.* at ¶ 18.) The plaintiffs contend that as of October 13, 2009, the Plan Assets that Mathie and Roholt attempted to transfer have subsequently declined to $36,697.40 and $71,439.36, resulting in losses to the Plan in the amount of the value of decline, as well as the amount of profits which would have otherwise been earned had the defendants provided advance notice of the blackout period and permitted the plaintiffs to transfer assets out of the separate account. (*Id.* at ¶¶ 18-19.)

Through their original complaint (Doc. No. 1) and their Memorandum Opposing Defendants' Motion to Dismiss (Doc. No. 13), the plaintiffs proffer two theories of liability: (1) either the defendants are "plan administrators" of the Plan and breached their duty pursuant to 29 U.S.C. § 1121(i) (requiring plan administrators to provide to plan participants and beneficiaries at least thirty days notice of all blackouts) (Doc. No. 1 at ¶ 22), or in the alternative, (2) if the defendants are not plan administrators, as fiduciaries to the Plan, they are liable for causing the plan administrator—a co-fiduciary—to breach the plan administrator's duty pursuant to 29 U.S.C. § 1121(i) and § 1105(a)(2).[1] (Doc. No. 13 at 1, 8-9.) The plaintiffs seek equitable relief pursuant to 29 U.S.C. § 1132(a). (Doc. No. 1 at ¶ 24.)

On December 8, 2009, the defendants filed a motion to dismiss the plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 12.) The defendants argue that the plaintiffs failed to allege that any defendant is the plan administrator and that, in fact, Roholt Vision, Inc. is the plan administrator. (*Id.* at 3.) The plaintiffs filed a memorandum opposing the defendants' motion to dismiss (Doc. No. 13), and the defendants replied (Doc. No. 14). In their

---

[1] Section 1105(a)(2) provides: "(a) Circumstances giving rise to liability[.] In addition to any liability which he may have under any other provisions of this part, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances: [. . .] (2) if, by his failure to comply with section 1104(a)(1) of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach[.]"

reply, the defendants address the plaintiffs' co-fiduciary theory of liability by arguing that "there can be no *co-fiduciary* liability [. . .] if there is no allegation of [. . .] a breach by the Plan Administrator itself." (*Id.* at 5.) The defendants contend that the plaintiffs have neither admitted nor alleged that Roholt Vision Institute, Inc., as plan administrator, breached its own duty pursuant to 29 U.S.C. § 1121(i), and therefore there can be no co-fiduciary liability pursuant to 29 U.S.C. § 1105(a)(2). (*Id.*)

## II. DISCUSSION

### A. Standard on a Motion to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 44, 47 (1957). Although this pleading standard does not require a great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing authorities). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 556, n.3 (criticizing the *Twombly* dissent's assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should

assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

**B. Analysis**

Accepting the allegations of the complaint as true, it is clear from the face of the complaint that it contains sufficient factual matter to support a plausible claim for relief. The ultimate conclusion of the complaint—that the defendants breached, or caused a co-fiduciary to breach, the thirty day blackout notification requirement contained in 29 U.S.C. § 1121(i)—is supported by a number of factual predicates. These include but are not limited to: the existence of the group annuity contract between the plaintiffs and Principal (Doc. No. 1 at ¶ 10), the existence of a separate account containing the Plan Assets (*id.* at ¶ 12), the control over the Plan Assets by Principal Group and Principal LLC (*id.* at ¶ 13), the September 25, 2008 announcement by Principal and Principal Group of a blackout period—beginning only hours later—affecting the separate account containing the Plan Assets (*id.* at ¶¶ 18-19), and the decrease in value of the Plan Assets—controlled by the defendants—due to the plaintiffs' inability to transfer the assets because of the blackout period (*id.* at ¶ 18). Such facts create a plausible claim for relief rooted in the defendants' failure to provide timely notice of a blackout period in accordance with 29 U.S.C. § 1121(i).

Even accepting the defendants' argument that the notification requirement contained in 29 U.S.C. § 1121(i) pertains specifically and exclusively to the plan administrator—which the defendants maintain they are not—does not defeat the claim. Based upon the facts pled, specifically, the control over the separate account containing the Plan Assets by Principal Group and Principal LLC (*id.* at ¶ 13), there remains the strong inference that the role of "plan administrator" was delegated to the defendants by the plaintiffs, as noted by the plaintiffs in their

opposition to the defendants' motion to dismiss. (Doc. No. 13 at 6.) Furthermore, even accepting the argument that the role of plan administrator was not delegated, there still remains enough factual support in the complaint for the claim of co-fiduciary liability. (*See* Doc. No. 1 at ¶¶ 18-19.)

## III. CONCLUSION

For the reasons set forth above, the defendants' motion to dismiss (Doc. No. 12) is **DENIED**.

**IT IS SO ORDERED**.

Dated: July 15, 2010

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**